UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HOPE GAYLORD,

                Plaintiff,              04-CV-6124T

v.                                    **DECISION**
                                    **and ORDER**
JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____


INTRODUCTION

Plaintiff, Hope Gaylord (Gaylord), filed this action pursuant to the Social Security Act, codified at 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security (Commissioner), denying her application for Disability Insurance Benefits and Supplemental Security Benefits.[1]  On March 18, 2005, the Commissioner moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and on April 15, 2005, the plaintiff cross-moved for judgment on the pleadings.

For the reasons set forth below, this Court hereby denies defendant's motion, grants plaintiff's motion, and remands this claim to the Commissioner for further proceedings consistent whit this Order.

_____

    [1] This case was transferred to the undersigned by the Honorable David G. Larimer, Judge, United States District Court for the Western District of New York by Order dated December 3, 2007.

BACKGROUND

On April 25, 2001, plaintiff Hope Gaylord, then aged 24 years old, applied for Social Security children's disability benefits and supplemental income security benefits claiming that she had been unable to work as of August 15, 1999 because of depression, attention deficit disorder and asthma. Gaylord's application was denied on June 28, 2001, and on August 28, 2001 plaintiff requested an administrative hearing before an Administrative Law Judge (ALJ) which took place on May 29, 2003. Plaintiff was represented at the hearing.

In a decision dated July 24, 2003, Administrative Law Judge James Dombeck found that Gaylord did not suffer from any severe impairments, and therefore was not disabled. He further found that plaintiff was capable of performing her previous work as a fast-food service employee. Plaintiff's appeal of the ALJ's decision to the Social Security Appeals Board was denied on January 28, 2004, and on March 29, 2004, plaintiff filed this action.

DISCUSSION

I.   Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the

Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo). The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner asserts that the ALJ's decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the court is convinced that "the plaintiff can

prove no set of facts in support of [her] claim which would entitle [her] to relief," judgment on the pleadings may be appropriate. See, Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because the court determines that the record is incomplete with respect to the severity of plaintiff's impairment; whether plaintiff engaged in past relevant work; and whether or not she is capable of performing past relevant work or any work in the national economy, I deny the Commissioner's motion for judgment on the pleadings, and grant plaintiff's cross-motion for judgment on the pleadings.

II.  Standards for determining whether or not a claimant suffers from a disability.

A disability is defined under the Social Security Regulations as:

the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  An individual's physical or mental impairment is not disabling under the Act unless it is:

of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.

42 U.S.C. §§ 423(d)(2)(A), 1383(a)(3)(B).  Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982).

In evaluating disability claims, the Commissioner is required to use the five step process promulgated in 20 C.F.R. §§ 404.1520 and 416.920. First, the Commissioner must determine whether the claimant is engaged in any substantial gainful activity. Second, if the claimant is not so engaged, the Commissioner must determine whether the claimant has a "severe impairment" which significantly limits his ability to work. Third, if the claimant does suffer such an impairment, the Commissioner must determine whether it corresponds with one of the conditions presumed to be a disability by the Social Security Commission. If it does, then no further inquiry is made as to age, education or experience and the claimant is presumed to be disabled. If the impairment is not the equivalent of a condition on the list, the fourth inquiry is whether the claimant is nevertheless able to perform his past work. If he is not, the fifth and final inquiry is whether the claimant can perform any other work. The burden of proving the first four elements is on the claimant, while the burden of proving the fifth element is on the Commissioner. Bush v. Shalala, 94 F.3d 40, 44-45 (2d Cir. 1996).

III.  Because the evidence in the record is incomplete, the Commissioner's decision to deny Plaintiff's Application for Benefits is not supported by the <u>substantial evidence in the record</u>.

A.  The record is incomplete with respect to whether or not <u>plaintiff suffers from a severe impairment</u>.

The ALJ found that plaintiff does not suffer from a severe impairment, and therefore, is not disabled. In doing so, the ALJ found that the "record [was] devoid of any consistent psychological or psychiatric treatment and there are no progress notes showing that she has had any ongoing [psychological or psychiatric] treatment." T. at p. 17. The ALJ noted that much of the medical evidence consisted merely of the plaintiff's complaints which were noted by various social workers.

I find, however, that while the record is incomplete, there is much evidence in the current record to suggest that the plaintiff does suffer from a severe impairment or combination of impairments. Plaintiff has been medically diagnosed as suffering from dysthymia, and according to Dr. John Lynch, who performed a psychological evaluation of the plaintiff in 1999, plaintiff has a history of attention deficit disorder and oppositional defiant disorder. T. at p. 19. Further behavioral testing conducted when Gaylord was 25 years old indicated that she was functioning at approximately the level of a two year old child in terms of social functioning; a three year old in terms of communication; a four year old in terms of adaptive behavior; and a seven year old

in terms of performing activities of daily living.   T. at pp.
187-191.   These findings appear to confirm the testimony of
plaintiff's mother, who testified that Gaylord was immature and
sometimes acted "as young as her children" (T. at p. 249) and
suggest that plaintiff's psychiatric problems are significant if
not severe.

Additionally, the evidence in the existing record appears to
suggest that plaintiff has severe impairments with respect to
social functioning, and that these impairments have been present
for a significant portion of Gaylord's life.   The record suggests
that Gaylord was sexually abused as a child, and that she
struggled in school-not because of a lack of intelligence-but
because of a lack of ability to focus.   Plaintiff's deficit in
attention is well documented throughout the record both with
respect to her school performance and her medical care.   At the
time of her application, plaintiff had lost custody of two of her
three children, and according to the testimony of her mother,
failed to provide sufficient care for any of the children.
Plaintiff was also been civilly confined as a result of
assaulting her mother.   This evidence suggests that plaintiff's
emotional and psychiatric problems may indeed rise to the level
of severe problems.

The record suggests that plaintiff was often non-compliant with medical treatment.[2]  As a result, as noted by the ALJ, there is a dearth of medical evidence to support the plaintiff's claim. On remand, the Commissioner is directed to supplement the medical record with any additional medical that plaintiff may provide. The Commissioner may also consider ordering a consultative examination as a means of supplementing the record.  Upon a complete record, the ALJ should then determine whether or not the plaintiff's depression and social functioning deficits and/or any other psychological conditions that may be present, constitute severe impairments, and if so whether they result in a disabling condition.

B.   The record is incomplete with respect to whether or not the plaintiff's previous work experience constitutes <u>past relevant work</u>.

The ALJ found that from 1992 to 1999, plaintiff had worked as a fast food service employee, and that her employment

---

[2] The ALJ noted that "a thorough review of this record clearly shows that the claimant has never felt the need to be responsible for any of her actions.  Welfare provides for her, her mother has relieved her of her child raising responsibilities . . . .  It appears that the claimant is content with her life, and has no motivation to change." T. at p. 20.  While the record is certainly susceptible to this or any other number of alternative interpretations, including a determination that because plaintiff suffers from a mental impairment, she is incapable of demonstrating responsible behavior, the ALJ's supposition was gratuitous, and not germane to the determination of whether or not plaintiff is eligible to receive disability or supplemental security benefits.

constituted "past relevant work" under the Social Security
Regulations.  Under those regulations (as they existed at the
time) "past relevant work" constituted work that was "done within
the last 15 years, lasted long enough for [the claimant] to learn
it, and was substantial gainful activity."  20 C.F.R. §§
404.1565(a) & 416.965(a).  For the period during which plaintiff
was employed, "substantial gainful activity" was work for which a
person earned more than $500.00 per month.  20 C.F.R. §§
404.1574(b)(2) & 974(b)(2).

It is not clear from the record, however, that plaintiff's
past work constitutes substantial gainful employment.  According
to the plaintiff, she earned a total of $9,453.64 during the
course of her employment.  Such earnings, on average, do not even
approach the threshold required for work to be considered
substantial gainful employment.  However, because the record is
incomplete with respect to the actual dates of plaintiff's
employment and amounts earned, the matter is remanded to the
Commissioner for further development of the record.  While it may
be impossible to accurately reconstruct plaintiff's work history
and amounts earned on a monthly basis, the Commissioner is
directed to use reasonable efforts to determine as accurately as
possible, plaintiff's employment and earnings history.

In determining whether or not the plaintiff engaged in substantial gainful activity, the Commissioner should also consider whether or not the plaintiff actually performed the duties to which she was assigned as a fast-food service employee. Although the record reflects that the plaintiff worked for her father during her employment, the ALJ's decision does not reflect this fact.  Although the evidence in the record is, on the whole, inconclusive, some evidence in the record suggests that plaintiff may not have been able to competently perform her work, and that the only reason she was able to maintain her employment was because her father managed the restaurants in which she worked. Indeed the record reveals that plaintiff has never worked for anyone <u>except</u> her father.   On remand, the Commissioner is directed to supplement the record with evidence regarding whether or not the plaintiff was capable of performing her job functions during her previous employment.

    C.    The record is incomplete as to whether or not plaintiff is capable of performing her past relevant work, or any <u>other work in the national economy</u>.

Although the ALJ did not solicit the testimony of a vocational expert, the ALJ found that the plaintiff is capable of performing her past relevant work, and as a result of this finding, he did not consider whether or not plaintiff is capable of performing any work in the economy.  As stated above, however,

the record is inconclusive with respect to whether or not plaintiff's past employment constitutes substantial gainful activity, and if so, whether or not plaintiff was actually capable of performing the functions of her previous employment. Accordingly, on remand, I direct the Commissioner to determine whether or not plaintiff's past work constitutes substantial gainful activity, and wether or not plaintiff actually performed her job functions.  If the Commissioner finds that plaintiff's employment was substantial gainful activity, and that she did actually perform the functions of her job, the Commissioner shall then determine whether or not given her current impairments (if any) plaintiff is capable of performing her past work.  If the Commissioner determines that the plaintiff's previous employment does not constitute past relevant work, the Commissioner shall than determine wether or not plaintiff is capable of performing any work in the national economy.  In either case, the testimony of a vocational expert will likely be necessary for purposes of making a complete record upon which the ALJ can make his decision, and upon which the Court (should the case be appealed) can review the Commissioner's determination.

<u>CONCLUSION</u>

I find that the ALJ's determination that plaintiff does not suffer from a severe impairment, and that she is capable of

performing her past relevant work as a fast-food service employee
is erroneous as a matter of law because the evidence in the
record is incomplete and inconclusive as to those two issues.
Accordingly, the case is remanded for further development of the
record as to whether or not the plaintiff suffers from a severe
impairment, and, if so, whether or not that impairment prevents
her from performing past relevant work (if plaintiff's previous
employment constitutes such work) or from performing any work in
the national economy.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          December 7, 2007